UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY BELL, JANICE GRIDER, CINDY PROKISH, JOHN HOFFMAN, and PAMELA LEINONEN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:15-cv-02062-TWP-MPB ) |
| PENSION COMMITTEE OF ATH HOLDING COMPANY, LLC, ATH HOLDING COMPANY, LLC, BOARD OF DIRECTORS OF ATH HOLDING COMPANY, LLC, JOHN DOES 1-40, | ) ) ) ) ) ) ) |
| Defendants. | ) |

### ENTRY ON DEFENDANTS' MOTION TO STRIKE JURY DEMAND

Before the Court is the Defendants' Motion to Strike the Plaintiff's jury demand. (Filing No. 16.) The dispute in this action surrounds the Plaintiffs' claims under ERISA for breach of fiduciary duty by Defendants with respect to Plaintiffs' Anthem 401(k) Plan. On March 16, 2016, the Plaintiffs filed an Amended Class Action Complaint and demand for jury trial. (Filing No 23.) For the following reasons the Court **grants** the Defendants' Motion to Strike the Plaintiffs' jury demand.

### I. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(f), a court may strike immaterial matter from a pleading. Further, pursuant to Fed. R. Civ. P. 39(a) a court may disallow a jury demand where "there is no federal right to a jury trial".

The Seventh Circuit has repeatedly held that there is no right to trial by jury in an ERISA case. *See, e.g.*, *Killian v. Concert Health Plan*, 742 F.3d 651, 690 n.11 (7th Cir. 2013) ("[b]ecause

§ 502(a)(3) authorizes only equitable relief there is no right to a jury trial") (internal punctuation omitted); *McDougall v. Pioneer Ranch Ltd. P'ship*, 494 F.3d 571, 576 (7th Cir. 2007) ("[t]he general rule in ERISA cases is that there is no right to a jury trial because ERISA's antecedents are equitable, not legal") (internal punctuation omitted); *Patton v. MFS/Sun Life Fin. Distribs., Inc.*, 480 F.3d 478, 484 (7th Cir. 2007) (noting that "plaintiff has no right to a jury trial" in an ERISA case); *Mathews v. Sears Pension Plan*, 144 F.3d 461, 468 (7th Cir. 1998) ("there is no right to a jury trial in an ERISA case the reason being that ERISA's antecedents are equitable") (internal punctuation omitted).

Similarly, district courts within the Circuit have also repeatedly come to the same conclusion. *See, e.g.*, *Payne v. Pentegra Ret. Servs.*, No. 1:14-cv-00309-TWP-MJD, 2015 WL 898467, at *10 (S.D. Ind. March 3, 2015) (explaining there is no right to jury trial in ERISA cases and striking plaintiff's jury demand); *George v. Kraft Foods Glob., Inc.*, Nos. 07 C 1713, 07 C 1954, 2008 WL 780629, at *6 (N.D. Ill. March 20, 2008) (holding "Section 502(a)(2) does not implicitly provide a statutory grant of a right to jury trial"); *Crabtree ex rel. Crabtree v. Life Care Ctrs. of Am., Inc.*, No. 1:08-cv-444-SEB-TAB, 2009 WL 734726, at *1 n.1, 8 (S.D. Ind. Mar. 18, 2008) (granting motion to strike jury demand, noting there is no right to a jury trial under ERISA); *Abbott v. Lockheed Martin Corp.*, No. 06-cv-0701-MJR, 2007 WL 2316481, at *2-3 (S.D. Ill. Aug. 13, 2007) (finding no right to a jury trial under ERISA Section 502(a)(2) and noting "the great weight of authority in federal courts holds that ERISA actions brought pursuant to § 502(a)(2) by participant beneficiaries . . . are equitable in nature for purposes of the Seventh Amendment right to a jury trial"); *Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at *7-9 (S.D. Ill. Apr. 18, 2007) (noting the "overwhelming weight of authority in the federal courts hold that actions under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), by participant beneficiaries and

fiduciaries to remedy . . . alleged violations of ERISA § 409(a), 29 U.S.C. § 1109(a), are equitable in nature for purposes of the Seventh Amendment jury trial right" and concluding that there is no right to jury trial on those claims); *Pine v. Crow*, No. TH-00-0048-C-T/H, 2001 WL 722087, at *4 (S.D. Ind. May 10, 2001) (concluding that the Seventh Amendment does not provide a right to a jury trial on ERISA claims under Section 502(a)(1)(B) or Section 502(a)(3) and noting that "the remedies provided by § 502(a)(3) are without doubt equitable in nature"); *Blickenstaff v. R.R. Donnelly & Sons Co. Short-Term Disability Plan*, No. IP 00-983-C-B/S, 2001 WL 87480, *5 n.3 (S.D. Ind. Jan. 29, 2001) ("this circuit does not allow jury trials for Section 502(a)(1)(B) claims (or Section 502(a)(3) claims, for that matter) as the statutory remedy is 'equitable in character.'"); *Morgan v. Ameritech*, 26 F. Supp. 2d 1087, 1091, 1093 (C.D. Ill. 1998) (noting that "§ 502 of ERISA does not explicitly provide or deny a right to trial by jury" and concluding there is no right to jury trial under the section).

Nevertheless, the Defendants point to three United States Supreme Court decisions in an attempt to persuade the Court to depart from Seventh Circuit precedent. First, the Plaintiffs note that they bring their claims under Section 502(a)(2) of ERISA. (*See* Filing No. 22 at 4.) However, the three cases that the Plaintiffs rely upon in support of their argument for a jury trial were all decided under the "catch all" ERISA provision, Section 502(a)(3). *See Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651, 656 (2016); *Great West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209-10, 212, 214-15, 221 (2002); *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 250 n.1, 253, 255 (1993). Second, none of the three cited cases addressed whether there is a right to a jury trial under ERISA. *Id.*

As such, while the Court is mindful that the Supreme Court recently noted, in a Section 502(a)(3) case, that a plaintiff who seeks "to recover out of the defendant's general assets" seeks

"a *legal* remedy, not an equitable one", *Montanile*, 136 S. Ct. at 658 (emphasis in original); it is not clear that the court's holding was meant to overturn the well-established precedent regarding the right to a jury trial under Section 502(a)(2) as the Plaintiffs assert. *See, e.g.*, *In re YRC Worldwide ERISA Litig.*, No. 09-2593-JWL, 2010 WL 4920919, *4, 6 (D. Kan. Nov. 29, 2010) (striking a plaintiff's jury demand in a Section 502(a)(2) case and noting that *Great West Life & Annuity Ins. Co.* did not involve Section 502(a)(2) or the right to a jury trial); *In re First Am. Corp. ERISA Litig.*, No. SACV 07-01357-JVS (RNBx), 2009 WL 536254, *1-3 (C.D. Cal. Feb. 9, 2009) (concluding that *Great West Life & Annuity Ins. Co.* did not overturn established Ninth Circuit precedent that there was no right to a jury trial under ERISA, noting that the case involved Section 502(a)(3) rather than Section 502(a)(2)).

Instead, following well-established Seventh Circuit precedent, the Court concludes that the Plaintiffs are not entitled to jury demand under ERISA Section 502(a)(2). As a result, the Court strikes the Plaintiffs' jury demand.

### III.  CONCLUSION

For the aforementioned reasons, the Court **GRANTS** the Defendants' Motion to Strike the Plaintiffs' jury demand. (Filing No. 16.) Accordingly, the Plaintiffs' jury demand is **STRICKEN**.

   **SO ORDERED**.

Date:  8/1/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

James Redd
SCHLICHTER BOGARD & DENTON LLP
jredd@uselaws.com

Heather Lea
SCHLICHTER, BOGARD & DENTON, LLP
hlea@uselaws.com

Jerome J. Schlichter
SCHLICHTER, BOGARD & DENTON, LLP
jschlichter@uselaws.com

Kurt C. Struckhoff
SCHLICHTER, BOGARD & DENTON, LLP
kstruckhoff@uselaws.com

Michael A. Wolff
SCHLICHTER, BOGARD & DENTON, LLP
mwolff@uselaws.com

Troy A. Doles
SCHLICHTER, BOGARD & DENTON, LLP
tdoles@uselaws.com

Ada W. Dolph
SEYFARTH SHAW LLP
adolph@seyfarth.com

Ian Hugh Morrison
SEYFARTH SHAW LLP (Chicago)
imorrison@seyfarth.com