UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARY BELL, et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 1:15-cv-02062-TWP-MPB |
| | ) |
| PENSION COMMITTEE OF ATH HOLDING | ) |
| COMPANY, LLC, et al. | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| VANGUARD GROUP, INC., | ) |
| | ) |
| Interested Party. | ) |

**MAGISTRATE JUDGE'S ORDER ON
PRETRIAL CONFERENCE**

This matter came before the Honorable Matthew P. Brookman, United States Magistrate Judge at 1:00 P.M. Indianapolis time (EST), on **Tuesday, January 8, 2019**, for a hearing under Rule 16, Federal Rules of Civil Procedure. Parties were represented by counsel.

For reasons fully stated on the record, the following **ORDERS** are entered:

Defendants' *Motion to Maintain Document Under Seal* (Docket No. 227) is **GRANTED IN PART and DENIED IN PART**. Plaintiffs' *Motions to Maintain Document Under Seal* (Docket No. 236, Docket No. 241, Docket No. 272, and Docket No. 274) are **GRANTED**. Defendants' *Motions to Maintain Document Under Seal* (Docket No. 262, Docket No. 304, and Docket No. 287) are **GRANTED**. Plaintiffs' *Motions to Maintain Document Under Seal* (Docket No. 270 and Docket No. 293) are **GRANTED IN PART and DENIED IN PART**. Defendants' *Motion for Leave to File Sur-Reply to Plaintiffs' Motion to Seal Plaintiffs' Oppositions to*

1

*Defendants' Motion to Exclude the Opinion and Testimony of Plaintiffs' Experts* (Docket No. 314) is **DENIED as moot**.

Given the resolution of the motions, the Clerk is **DIRECTED** to **UNSEAL** the following documents: 220; 220-11; 220-12; 220-13; 220-14; 220-15; 220-16; 220-17; 267-66; 220-18; 220-19; 220-20; 220-6; 220-7; 220-8; 267-45; 220-9; 222-17; 267-65; 222-18; 222-19; 222-20; 267-67; 222-21; 222-22; 222-24; 222-26; 267-59; 222-32; 222-35; 222-38; 222-41; 222-52; 267-12; 267-13; 267-15; 267-19; 267-20; 267-21; 267-23; 267-26; 267-27; 267-28; 267-41; 267-42; 267-48; 267-49; 267-58; 267-7; 267-8; 267-9; 286-1; 288-1; 290-1; 291-1; 291-5; 291-6; 288-4; 267-43; and 267-44. The Court notes the parties were in joint agreement that these documents should be unsealed.

The Clerk is also **DIRECTED** to **UNSEAL** the following documents for the reasons articulated on the record at the hearing: 220-5; 222-37; 267-29; 220-2; 220-3; 220-4; 267-30; 267-31; 267-32; 267-33; and 291-7.  Pursuant to Local Rule 5-11(g), the Clerk is **DIRECTED** to unseal the above-listed documents twenty-one (21) days after this Entry, unless a renewed motion is filed to maintain the document under seal.

The following documents should remain under seal with public, redacted versions available: 222-33; 222-34; 224; 225; 267-1; 267-18; and 222-40.

The following documents should remain under seal with public, redacted versions— which may be redacted for information regarding other plans, personally identifying information, individual participants, privileged material, and information that would allow identification of clients: 219-1; 267-6; 219-10; 219-11; 219-12; 219-13; 219-14; 219-15; 219-16; 219-17; 219-18; 219-19; 219-2; 219-20; 219-21; 219-22; 219-23; 219-24; 219-25; 219-26; 219-27; 219-28; 219-29; 219-3; 219-30; 219-31; 219-32; 219-33; 219-34; 219-35; 219-36; 219-37; 219-38; 219-4;

219-5; 219-6; 219-7; 219-8; 219-9; 222-1; 259-1; 267-64; 291-2; 222-1; 261-1; 267-63; 290-2; 222-10; 267-2; 222-11; 222-12; 267-14; 222-13; 267-17; 222-14; 267-16; 222-15; 267-25; 222-2; 267-22; 288-3; 291-4; 222-25; 222-28; 222-29; 222-3; 257-1; 288-2; 222-4; 267-11; 288-5; 291-3; 222-43; 222-44; 267-22; 222-45; 267-72; 222-46; 267-73; 222-47; 267-76; 222-48; 267-75; 222-49; 267-69; 222-5; 267-51; 222-50; 267-70; 222-51; 222-7; 267-3; 222-8; 267-5; 222-9; 267-4; 235; 240; 240-2; 240-4; 240-5; 257; 259; 261; 267; 267-10; 267-46; 267-47; 267-68; 267-71; 267-74; 271; 273; 281; 282; 283; 286; 288; 290; 290-3; 290-4; 291; 295; 301; 302; 303; 319; 320; 321; 222-31; 267-24; 267-52; 267-53; 267-61; 267-62; 222-39; 240-3; 267-54; 267-55; 267-56; 267-57; 267-60; 220-10; 267-50; 222-36; 288-6; and 222-23.

Document Nos.: 222-16; 267-39; 267-34; 267-36; 267-38; 222-27; 222-30; 222-42; 222-53; 226; 267-35; 267-37; 267-40; and 220-1 should be redacted for those categories, plus the limited, specified redactions interested party Vanguard requested. Defendants should use Vanguard's proposed redacted documents, available on the docket, as a starting place to add their redactions and then file those documents as public, redacted documents.

For the documents ordered sealed, the party that sought the document be sealed should file a **NOTICE** by **Monday, January 21, 2019,** identifying where on the docket the **redacted, public version** is available. The notices should provide the exact ECF location of the sealed docket, the exact location of the redacted, public version, and a brief, public descriptor of the document. If a **redacted, public version** of a document is not already on the docket, the designating party should file one by **Monday, January 21, 2019** days of this entry pursuant to Local Rule 5-11(d)(3).

Lastly, if any of the sealed documents are essential to the summary judgment briefing or submitted as evidence at trial the District Court may reach a different result as to whether there

3

are compelling reasons to prevent the public from having access to the documents. Therefore, the parties are cautioned that this Court's decisions on the documents it has maintained under seal reflect the purposes for which the documents have been used to date and cannot be read more broadly than that.

     Dated: 1/9/2019

*Matthew P. Brookman*
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.