**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| MARY BELL et al.,        *Plaintiffs*, <br><br> v. <br><br> ATH HOLDING COMPANY, LLC et al., <br><br>         *Defendants*. | Case No. 1:15-cv-02062-TWP-MPB |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

Under Rule 23(e) of the Federal Rules of Civil Procedure, the Parties respectfully request preliminary approval of a Class Action Settlement.

1. Plaintiffs brought this action against ATH Holding Company, LLC, the Board of Directors of ATH Holding Company, LLC and the Pension Committee of ATH Holding Company, LLC ("Defendants") alleging that Defendants breached their duties under Employee Retirement Income Security Act of 1974 (ERISA) with respect to the Anthem 401(k) Plan (formerly the WellPoint 401(k) Retirement Savings Plan)("the Plan") by, among other things, causing the Plan to pay unreasonable investment management and administrative fees and retaining the Vanguard Prime Money Market Fund as the sole capital preservation investment option.

2. For over three years this case was extensively litigated with discovery and motion practice, including discovery motions, class certification, summary judgment and *Daubert* motions.

3. In July 2018, Plaintiffs and the Defendants began settlement discussions through private mediation with a nationally-recognized mediator. The Parties did not reach agreement during the mediation, but continued discussions thereafter. The Parties reached agreement on the

monetary terms of a potential settlement on February 8, 2019. Thereafter, the Parties continued negotiations regarding non-monetary relief and the terms of this Settlement Agreement. The terms of the Parties' settlement are memorialized in this Settlement Agreement that is attached hereto as Exhibit A.

4. The Settlement Class is defined as:

> All persons who participated in the Plan and who had an Active Account at any time as of the end of any calendar quarter during the Class Period, including any beneficiary of a deceased person who participated in the Plan at any time during the Class Period, and/or Alternate Payee, in the case of a person subject to a Qualified Domestic Relations Order and who: (1) had an account balance greater than $1,000; or (2) invested in the Vanguard Money Market Fund. Excluded from the Settlement Class are Defendants who were participants in the Plan at any time during the Class Period.

5. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case and preliminary approval of the Settlement is in the best interests of the Class Members. In return for a release of the Class Representatives', Individual Plaintiffs', and Class Members' claims, Defendants have agreed to pay a sum of $23,650,000 into a Gross Settlement Fund. The Parties have further agreed to certain non-monetary terms, as specified in Article 10 of the Settlement Agreement.

6. The purpose of preliminary approval is merely to determine whether the proposed settlement is "within the range of possible approval." *Gautreaux v. Pierce,* 690 F.2d 616, 621 n.3 (7th Cir. 1982). The preliminary approval hearing is not a fairness hearing. *Id.*

7. The Settlement reached between the Parties here more than satisfies this standard and is clearly "within the range of possible approval" by the Court. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

8.     Plaintiffs also submit to the Court a Memorandum in Support of this Joint Motion for Preliminary Approval, as well the Declaration of Class Counsel. Defendants are not submitting a Memorandum in Support of the Joint Motion.

WHEREFORE, the Parties request the following:

- That the Court grant the Joint Motion to Modify the Class Definition;

- That the Court enter an Order finding that the Settlement is sufficiently fair, reasonable, and adequate and granting preliminary approval of the Settlement Agreement;

- That the Court schedule a Fairness Hearing for the purpose of receiving evidence, argument, and any objections relating to the Parties' Settlement Agreement. However, and assuming this Court grants preliminary approval within three weeks of the filing of this motion, given the processing and mailing of Settlement Notices, the objection deadline to the Settlement, the review and approval period of the Independent Fiduciary, among other interim milestones and deadlines, Plaintiffs request that a Fairness Hearing **not be scheduled before August 24, 2019**;

- That the Court approve the text of the Settlement Notice and Former Participant Claim Form for mailing to Class Members and Former Participants identified by the Settlement Administrator to notify them (1) of the Fairness Hearing and (2) that notice of changes to the Settlement Agreement, future orders regarding the Settlement, modifications to the Class Notice, changes in the date or timing of the Fairness Hearing, or other modifications to the Settlement, including the Plan of Allocation, may be provided to the Class through the Settlement Website without requiring additional mailed notice;

- That the Court determine that under Rule 23(c)(2) of the Federal Rules of Civil Procedure, the Settlement Notices constitute the best notice practicable under the circumstances,

provide due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and comply fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law;

- That the Court establish a deadline no later than thirty (30) calendar days prior to the fairness hearing by which any interested party must file any objections to the Settlement and any papers submitted in support thereof;

- That the Court order that any such objections and supporting papers be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice, that any Settling Party may file a response to an objection, and that the Parties have the right to limited discovery from any objector as provided for in the proposed Preliminary Approval Order;

- That the Court set a deadline of no later than ten (10) calendar days prior to the Fairness Hearing by which each Former Participant must file a Former Participant Claim Form with the Settlement Administrator in order to be considered for a distribution in accordance with the Plan of Allocation;

- That the Court order that the Fairness Hearing may, without further direct notice to the Class Members, other than by notice to Class Counsel, be adjourned or continued by order of the Court;

- That the Court order that, pending final determination of whether the Settlement Agreement should be approved, every Class Member is prohibited and enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against any Released Party or the Plan;

- That the Court determine that the information to be provided to the Settlement Administrator in connection with the administration of the Settlement constitutes Confidential Information protected from public disclosure by the Confidentiality Order; and

- That following the Fairness Hearing, the Court enter an Order granting final approval of the Parties' Settlement and dismissing the Complaint in this Action with prejudice.

Dated: April 5, 2019

| | |
|---|---|
| /s/ Jerome J. Schlichter | /s/ Ian H. Morrison |
| SCHLICHTER, BOGARD & DENTON, LLP | SEYFARTH SHAW LLP |
| Jerome J. Schlichter, MO No. 32225* | Ian H. Morrison |
| Troy A. Doles, MO No. 47958* | Ada W. Dolph |
| Heather Lea, MO No. 49872* | Megan E. Troy |
| 100 South Fourth Street, Ste. 1200 | 131 South Dearborn Street Suite 2400 |
| St. Louis, MO 63102 | Chicago, Illinois 60603 |
| Phone: (314) 621-6115 | Phone: (312) 460-5000 |
| Fax: (314) 621-5934 | Fax: (312) 460-7000 |
| jschlichter@uselaws.com | imorrison@seyfarth.com |
| tdoles@uselaws.com | adolph@seyfarth.com |
| hlea@uselaws.com | mtroy@seyfarth.com |
| *admitted *Pro Hac Vice* | |
| | *Attorneys for Defendants* |
| *Attorneys for Plaintiffs* | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the preceding document was caused to be served electronically on April 5, 2019, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jerome J. Schlichter